# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 3:10-CV-095 (CAR) |
| : | |
| **C. DREW HOLMAN,** : | |
| Defendant. : | |

## DEFAULT JUDGMENT

Before the Court is the Government's Motion for Default Judgment [Doc. 6]. The Docket reflects that the Complaint in this matter was filed on November 22, 2010. Defendant C. Drew Holman ("Mr. Holman") was served with the Summons and Complaint on the same date. Mr. Holman has not answered or otherwise responded to the Complaint, and the time for filing a response expired long ago. The Clerk of Court entered default against Mr. Holman pursuant to Federal Rule of Civil Procedure 55(a) on February 2, 2011. The Government now seeks default judgment. For the reasons stated below, the Government's Motion is **GRANTED**.

### UNDISPUTED FACTS[1]

Defendant C. Drew Holman owned and operated an excavating business, Holman Excavating. As the business' proprietor, Mr. Holman incurred federal employment taxes, which he reported on quarterly employment tax returns filed with the Internal Revenue Service. Mr. Holman also filed a federal income tax return for the year 2000, which reported no tax due for that year. The Internal Revenue Service, however, determined a deficiency for 2000. For the taxable years 2001,

---

[1] Because Holman failed to file a responsive pleading to the Complaint, the following allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6).

2002 and 2008, Mr. Holman filed federal income tax returns reporting tax due but did not pay all of the tax he reported on his returns for those years. Based on of all these returns, a delegate of the Secretary of the Treasury assessed various taxes, penalties, and interest against Mr. Holman.

Notice of the assessments and a demand for payment were made on Mr. Holman as provided by law. Despite notice and demand, Mr. Holman has failed and refused to pay the entire amount of the tax assessments. Taking into account all appropriate credits, payments and abatements, as of March 23, 2011, Mr. Holman owes a total of $283,766.53 on account of the liabilities plus further interest and statutory additions as allowed by law.

Through the present Motion, the Government seeks to foreclose on property located at 4577 Seymour Road, Martin, Georgia, 30557 ("the Property"). Mr. Holman acquired the Property on January 22, 2002. Although Mr. Holman once attempted to transfer title to the Property, he now holds a fee simple interest in the Property by virtue of a Warranty Deed dated February 22, 2010, and recorded February 24, 2010 in the public records of Franklin County, Georgia.

## DISCUSSION

Federal Rule of Civil Procedure 55(b) permits a Court to enter judgment by default if the party against whom judgment is sought has failed to plead or otherwise defend in the action and is not an infant or incompetent person. Judgment may be entered for a sum certain or for a sum that by computation may be made certain, upon proof of the sum due. FED. R. CIV. P. 55(b)(1). The entry of default judgment by a district court is discretionary, however. See id. (noting that judgment by default *may* be entered). To determine whether default judgment is appropriate, the court must consider the allegations in the complaint. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). "A default judgment is unassailable on the merits but only so far as it is

supported by well-pleaded allegations, assumed to be true." Id. Accordingly, "[t]here must be a sufficient basis in the pleadings for the judgment entered." Id. "[T]he district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Security, LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis removed).

In the present case, the Government has shown, through its Motion and supporting documents, that Mr. Holman is not an infant, incompetent person, or a person in the military service or otherwise exempted from default judgment under the Service Members Civil Relief Act, 50 App. U.S.C. § 501, et seq. The Government has further shown that Mr. Holman failed to plead or defend this action, that his default has been entered, and that Mr. Holman is indebted to the Government for unpaid federal employment and income tax liabilities.

An assessment of federal tax by the Internal Revenue Service is presumed valid. See U.S. v. McHaffie, 1:07-CV-3012-CC, 2008 WL 5724293 (N.D. Ga. Dec. 29, 2008) (citations omitted). If the assessment is challenged, "the taxpayer bears the burden of overcoming the presumption of correctness by proving, by a preponderance of the evidence, that the Commissioner's determinations were incorrect." Id. Mr. Holman has not disputed the validity of the assessments here, and the assessments sought in the Complaint are supported by the Declaration of Internal Revenue Service Officer R.C. Duncan. The Court thus finds that the assessments are valid and liability for unpaid taxes has been established in this case.

In an effort to recover the amounts owed, the Government seeks to foreclose on certain property owned by Mr. Holman, described above as the Property. Pursuant to 26 U.S.C. § 6321, a lien is imposed upon all property and rights to property belong to delinquent taxpayers. This lien arises upon the assessment of tax and continues until the tax liability is satisfied or becomes

unenforceable. See 26 U.S.C. § 6322. The Internal Revenue Code additionally provides that the Government may file a civil action in the district court for enforcement of the lien:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a). If the Government is successful, the district court may decree a sale of the property and order distribution of the sale's proceeds. 26 U.S.C. § 7403(c).

The well-pleaded allegations of fact in this case establish that Mr. Holman owns certain real property, and by operation of the statutes referenced above, the Property is the subject of a lien and subject to foreclosure. The Court accordingly finds that the Government's entitlement to foreclosure of the Property has been established.

## CONCLUSION

The Court finds that the Government has established the unpaid balance on the various assessments against Mr. Holman with sufficient certainty and that an evidentiary hearing on the amount of damages in this case will not be necessary. Consistent with the Government's Motion, the memorandum of law in support thereof, the Declarations of R.C. Duncan and Steven C. Woodliff, the applicable law, and the entire record herein, the Court hereby **ORDERS** that a judgment in favor of the United States and against Defendant C. Drew Holman in the amount of $283,766.53 as of March 23, 2011 plus fees, interest, and statutory additions accruing as a matter of law thereafter, for federal taxes, penalties, and interest described in paragraphs 7, 8, and 9 of the Complaint shall be entered.

The Court further **ORDERS** the federal tax liens of the United States of America attach to

Mr. Holman's interest in the real property located at 4577 Seymour Road, Martin, Georgia, 30557 and more fully described in paragraph 5 of the Complaint. It is likewise **ORDERED** that the tax liens of the United States be foreclosed on the Property and that the Property be sold free and clean of the liens and claims of all parties and that the proceeds of the sale be distributed to the United States to be applied to the tax liabilities underlying this judgment.

The United States of America is **DIRECTED** to submit a proposed decree of foreclosure and order of sale within 14 days from the date of this Order.

SO ORDERED, this 3rd day of June, 2011

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr